```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     OCALA DIVISION

JOSE MORA,

                  Petitioner,

vs.                                 Case No.  5:10-cv-510-Oc-29DNF

MR. JORGE PASTRANA; ET. AL., WARDEN
FCC COLEMAN MEDIUM,

                  Respondent.
_____
```

**ORDER OF DISMISSAL**

This matter comes before the Court upon review of Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus for Lack of Jurisdiction (Doc. #8, Motion) and supporting exhibits (Doc. #8-1, Exh. 1, SENTRY Printout, Public Information Inmate Data; Exh. 2, Declaration and Certification of Record by Caixa Santos; Exh. 3, SENTRY Printout, Administrative Remedy Generalized Retrieval), filed April 13, 2011. Petitioner filed a Response (Doc. #9, Response) in opposition to the Motion on April 18, 2011. This matter is ripe for review.

I.

Jose Mora,[1] a *pro se* petitioner, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. #1, Petition) with attached exhibits (Pet. Exhs. A-G) while in the custody of FCC Coleman. Petitioner challenges a

---

[1] Petitioner is serving an 84-month sentence for possession of a stolen firearm. Petition at 2; Response at 1.

disciplinary action imposed on him during his incarceration at FCC Coleman. Petition at 2. Petitioner states that this disciplinary action resulted in an "incorrect custody classification and programs." Id. Petitioner submits that filing a § 2241 petition is proper because the result affects the computation of his sentence. Id. at 3.

II.

Respondent moves to dismiss this action based on Petitioner's failure to timely exhaust this issue with the bureau of prisons ("BOP"). See generally Motion at 2-3. Petitioner asserts that he filed his claim within 24 hours of "becoming aware" that he was not given the proper credit for the extra duty that he completed. Petition at 3; Motion at 1. Petitioner further asserts that he should be excused from exhausting his remedies because he attempted to exhaust, but BOP officials told him that his grievance was late. See Response. Petitioner submits that a "[p]ro se habeas petitioner should not unreasonably be subjected to stringent procedural niceties." Id. at 2.

III.

Prisoners seeking habeas relief under § 2241 must exhaust administrative remedies, and the exhaustion of administrative remedies is jurisdictional. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004), cert. denied, 541 U.S. 1036 (2004). An untimely grievance "is not sufficient to exhaust . . . administrative

remedies for purposes of the PLRA exhaustion requirement." See Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005), Woodford v. Ngo, 548 U.S. 81, 92-103 (2006)(stating exhaustion must be properly completed). An inmate is required to exhaust his administrative remedies before seeking habeas relief, rather than doing so while a petition is pending. Woodford, 548 U.S. at 88.

The Bureau of Prisons provides a four-level administrative grievance procedure for inmate complaints. 28 C.F.R. § 542.10-§ 542.16. Initially, an inmate must seek resolution of the issues by filing an informal grievance. Id. at § 542.13(a). If unsuccessful, an inmate may then file a formal written complaint with the institution. Id. at § 543.13(b). The informal request must be completed, and the formal request filed, within "20 calendar days following the date on which the basis for the Request occurred." § 542.14(a). An appeal may then be taken to the Regional Director. Id. at § 542.15. Finally, an inmate may appeal the Regional Director's response to the General Counsel for the BOP. Id. at § 542.14(a). Each of these steps is generally required to satisfy the exhaustion prerequisite. However, at any of these steps, if a grievance is filed outside the parameters established by the BOP, the BOP will reject and return the grievance to the inmate. Id. § 542.17.

In the case <u>sub judice</u>, Petitioner *received* incident report number 2000100 on April 7, 2010,[2] for failure to follow safety regulations in violation of Bureau Code 317 because he failed to complete 10 hours assigned extra duty during the informal resolution procedure. Declaration Santos at 14 (emphasis added); <u>see also</u> Pet. Exh. C (showing date of incident April 7, 2010, for which extra duty to be completed by April 14, 2010). According to the record, Petitioner filed an inmate grievance requesting expungement of a disciplinary report (administrative remedy number 592978) on three occasions. <u>Id.</u>; <u>see also</u> Exh. 3 (showing initial grievance dated June 7, 2010, requesting expungement of incident report; second grievance dated September 2, 2010; and third grievance dated September 14, 2010); Pet. Exhs A-B, D-F. The record shows that the BOP rejected all of Petitioner's grievances as untimely based on his failure to file within 20 days of the April 7, 2010 incident.

Significantly, Petitioner's initial grievance concerning this incident was filed on June 7, 2010. Petitioner does not dispute this is the date he filed his initial grievance regarding the April 7 incident. Instead, Petitioner avers that he was "not aware" of

---

[2] The Court notes that contrary to the Declaration of Caixa Santos, it appears, that the disciplinary report at issue occurred on April 7, 2010, not April 11, 2010. <u>See</u> Petitioner's Exh. A. Also, the Declaration misstates the administrative remedy number (529978), which is off by one number (592978). <u>See</u> Exh. 3 at 20. These matters are immaterial for purposes of this Court's review.

the April 7, 2010 incident until June 7, 2010. Pet. Exh. E. The Court notes that an exhibit Petitioner attaches to his Petition shows that he was aware of the April 7, 2010 incident that day. Pet. Exh. B, C. Because the basis for Petitioner's request occurred on April 7, 2010, he had 20 days from that date to file a grievance. The BOP determined that Petitioner's grievance was untimely and obviously did not find he articulated a reason to extend the filing deadline. § 542.14(b). Therefore, the Court finds Petitioner has failed to properly exhaust his administrative remedies. Consequently, this Court lack jurisdiction to review the merits of this case.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus for Lack of Jurisdiction (Doc. #8) is **GRANTED**. This case is **DISMISSED with prejudice** based on Petitioner's failure to properly exhaust his administrative remedies.

2. The Clerk of Court shall enter judgment accordingly, terminate any pending motions, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __29th__ day of June, 2011.

JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record

-5-